EL PUEBLO DE PUERTO RICO, demandante y apelado, *v* LORENZO MARTÍNEZ, acusado y apelante.

No. 2749.—<i>Visto:</i> Noviembre 2, 1926. <i>Resuelto:</i> Mayo 31, 1927.

1. TESTIGOS—DEL EXAMEN—CONTRA-INTERROGATORIO Y RE-EXAMEN—REPREGUNTAS SOBRE HECHOS QUE CONSTAN DE UN DOCUMENTO—NECESIDAD DE PRESENTAR EL DOCUMENTO.—Si bien no puede haber prueba del contenido de un escrito fuera del propio escrito, sin embargo, cuando el acusado trata de probar, oralmente, hechos que deben constar de un expediente criminal, procede repreguntar sobre hechos relacionados con aquellos que también deben constar de dicho expediente sin que, para probar éstos, haya necesidad de presentar prueba documental alguna.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—ERRORES NO PERJUDICIALES—EXAMEN DE TESTIGOS—CONTRA INTERROGATORIO—SOBRE HECHOS QUE CONSTAN EN UN DOCUMENTO.—Cuando el acusado trata de probar

oralmente hechos en un expediente criminal, la admisión de repreguntas para probar otros en dicho expediente relacionados con aquéllos, no es perjudicial, y menos cuando el propio acusado ha interrogado sobre los mismos.

3. Derecho Penal—Evidencia—Hechos en Controversia *(Issue)* y Pertinentes a los *Issues* y *Res Gestae*—Prueba de Circunstancias Constitutivas del Delito *(Res Gestae)*—Manifestaciones o Exclamaciones de Terceras Personas.—Manifestaciones o exclamaciones de terceras personas hechas en sitio distinto a aquel en que ocurren los hechos no forman parte del *res gestae* y no son admisibles en evidencia.

4. Derecho Penal—Juicio—Necesidad, Requisitos y Suficiencia de las Instrucciones—Instrucción Sobre Duda Razonable.—Aún cuando una instrucción sobre duda razonable sea poco satisfactoria si con ella no se expone al jurado a una mala comprensión en lo que a tal duda se refiere, no hay motivo para revocar, especialmente cuando el apelante que solicitó otras instrucciones, no presenta ninguna mejor a la corte al preguntarle ésta si tenía instrucciones para ser dada al jurado.

5. Derecho Penal—Apelación y Error y Certiorari—Revisión—Cuestiones Relativas a las Pruebas—Apreciación de las Mismas—Prueba Contradictoria.—Cuando el jurado resuelve el conflicto en la prueba y no hay motivos para ir en apelación contra la resolución de ese conflicto en contra del veredicto rendido, la sentencia debe ser confirmada.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), condenando al acusado por delito de asesinato en segundo grado. *Confirmada.*

*Felipe Colón* y *M. Bahamonde,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Lorenzo Martínez fué acusado de un delito de asesinato en primer grado por haber dado muerte a Higinio Aponte y declarado culpable por un jurado de asesinato en segundo grado apela de la sentencia.

[1, 2] El apelante presentó en el juicio en la corte inferior como testigo suyo al secretario de la misma para identificar y presentar las diligencias de otra causa en que se le imputó el delito definido en el artículo 370 del Código Penal, que es el sacar o mostrar en presencia de dos o más personas un arma mortífera sin ser un caso de necesaria defensa, que está comprendido en el título de los delitos contra la paz pública, y le preguntó si el acusado había sido absuelto en ese caso, contestando el testigo afirmativamente. Entonces el testigo contestó a repreguntas del fiscal que la

absolución fué a virtud de una moción de *nonsuit* en que la defensa alegó que el fiscal no había probado que el revólver era un arma mortífera.

Funda el apelante sus dos primeros motivos de error en haber permitido la corte sentenciadora que su secretario declarase que si el acusado había sido absuelto en otra causa criminal por alterar la paz no lo fué por los méritos del caso, sino por una moción de *nonsuit* por no haber probado el fiscal que el arma usada fuera mortífera; y por haber permitido que declarase que en esa causa el fiscal tomó excepción a la resolución de la corte y la había apelado, estando pendiente ese recurso.

Esos dos motivos pueden considerarse conjuntamente, porque tienen el mismo fundamento, cual es, que no puede haber evidencia del contenido de un escrito, fuera del propio escrito, sino en los casos especificados en el artículo 24 de la Ley de Evidencia. En otras palabras, que el fiscal tenía que presentar prueba documental para probar los hechos sobre los cuales hizo las repreguntas a dicho secretario.

No hay duda del precepto de la ley, pero el apelante no se limitó a hacer a su testigo las preguntas necesarias para identificar un expediente criminal que quería presentar, sino que por preguntas al testigo trató de probar oralmente hechos que debían constar en el expediente, dando lugar esa conducta al contrainterrogatorio del fiscal de que se queja el apelante; y es un principio de la ley de evidencia que el contrainterrogatorio es pertinente cuando versa sobre los mismos hechos mencionados en el interrogatorio directo o relacionados con los mismos. Además, la defensa del acusado interrogó también al testigo sobre la moción de *nonsuit* y sobre lo que en ella se alegó, y no vemos que ha surgido algún perjuicio.

[3] Estando declarando el testigo de la defensa, Manuel León, dijo que estando en la tienda de Lorenzo Martínez corrió para el sitio del suceso "porque la gente decía: Higinio Aponte está peleando con Lorenzo Martínez," lo que

el fiscal pidió que se eliminara y habiendo declarado la corte que esa contestación no formaba parte del *res gestae* se alega esto como el motivo tercero de error. Tal error no existe porque las manifestaciones o exclamaciones de terceras personas hechas en sitio distinto de aquel en que ocurrieron los hechos no formaban parte del *res gestae* y no son admisibles en evidencia. Underhill on Criminal Evidence, p. 331.

[4] El cuarto motivo de la apelación se funda en que la corte no explicó claramente al jurado lo que se entiende por duda razonable. La corte dijo al jurado en sus instrucciones: ''La culpabilidad del acusado deberá probarse a satisfacción de los Sres. del Jurado, fuera de toda duda razonable y en caso de duda razonable, ésta debe ser resuelta en favor del acusado. En los casos criminales la ley presume que el acusado es inocente mientras no se pruebe lo contrario de modo satisfactorio, por evidencia competente, y es regla de ley que su culpabilidad debe ser completamente probada, y esta presunción de inocencia acompaña al acusado durante el juicio y el Jurado debe tenerla presente al deliberar. . . Y asimismo deben darle el beneficio de la duda razonable, si después de haber hecho un examen de toda esta prueba, no llegan los Sres. del Jurado a una conclusión exacta de cómo estos hechos han ocurrido, por falta de algún elemento de prueba o de alguna otra circunstancia, pero no una duda caprichosa, sino una duda que nazca de los propios hechos en este caso, debéis entonces darle el beneficio de esa duda razonable y absolverlo.''

Aunque la instrucción sobre duda razonable no es muy satisfactoria, sin embargo, no creemos que el jurado haya estado expuesto a una mala comprensión o equivocación en lo que a tal duda se refiere y además, el apelante que presentó otra instrucción a la corte, no presentó ninguna mejor sobre la duda razonable, a pesar de que la corte le pregunto si tenía otra instrucción para ser dada al jurado, por lo que

no vemos razón suficiente para una revocación de la sentencia por el motivo dicho.

[5] En el quinto y último error se sostiene que el veredicto del jurado declarando al acusado culpable del delito de asesinato en segundo grado es contrario a la prueba.

El fiscal presentó varios testigos presenciales de cómo ocurrieron los hechos, los cuales se desarrollaron en un taller de zapatería que Higinio Aponte tenía contiguo a su casa de vivienda y con la que se comunicaba. De esa prueba resulta que Higinio Aponte era manco de la mano derecha, que tenía presentada una denuncia contra Lorenzo Martínez y que el día en que fué muerto se presentó el apelante en la zapatería a eso de las cuatro de la tarde preguntando allí por Higinio Aponte y como le dijeron los empleados en la zapatería que había salido pasó a la vivienda contigua de Higinio de donde regresó y salió a la calle; y que como a las seis de la tarde volvió a la zapatería preguntando nuevamente por Higinio, diciéndole también los empleados que no estaba, pero habiendo salido en ese momento Higinio de su casa le dijo Lorenzo Martínez que iba para arreglar el asunto de la denuncia y al contestarle Higinio Aponte que no tenía nada que arreglar, aquél salió hacia la calle y detrás de él Higinio Aponte y entonces Martínez desde la puerta hizo un disparo: que Higinio Aponte se le fué encima y estando agarrados sonó el segundo disparo que mató a Higinio.

La prueba de la defensa tiende a demostrar que Higinio Aponte estuvo ese día por la tarde en la tienda de Lorenzo Martínez y que no encontrándolo le dejó recado para que fuese a su casa: que al recibir Martínez ese recado fué donde Higinio Aponte donde conversaron y que al salir Martínez se le tiró encima por detrás Higinio Aponte y se entabló entre ellos una lucha en la que ambos forcejeaban por un revólver del que salieron dos tiros, uno de los cuales mató a Higinio.

El conflicto de esa evidencia contradictoria lo resolvió el jurado en contra del apelante dando crédito a los testigos

de la acusación, sin que encontremos motivos para ir contra la resolución de ese conflicto en contra del veredicto de culpabilidad rendido por asesinato en segundo grado.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Hutchison no intervino.